**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FLOREA BLACK** and **BOBBIE GORDON,**

       **Plaintiffs,**          Case No. 05-72757

vs.          **HONORABLE DENISE PAGE HOOD**

**GREYHOUND LINES, INC.,**

       **Defendant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment filed February 8, 2006. There has been no response to the Defendant's Motion.

Plaintiffs Florea Black and Bobbie Gordon [hereinafter "Plaintiffs"] allege in their Complaint filed on July 13, 2005, three counts against Defendant Greyhound Lines, Inc. [hereinafter "Defendant"]. They are: (1) Violation of 42 U.S.C. § 1983; (2) Breach of Contract; and (3) Intentional Infliction of Emotional Distress.

In their Motion, the Defendant asks this Court to grant the Motion for Summary Judgment claiming that the Plaintiffs have failed to state a claim upon which relief can be granted as to Count One and Two, and that there is no genuine issue of material fact on any of the Plaintiffs' claims as to Count One, Two and Three.

For the reasons stated herein, this Court GRANTS Defendant's Motion for Summary Judgment and DISMISSES Plaintiffs' Complaint.

## II. STATEMENT OF FACTS

### Background

Plaintiffs were two passengers on Defendant's Greyhound bus traveling from Detroit, Michigan to Miami, Florida. The bus that Plaintiffs were traveling on was involved in an accident in Dayton, Ohio. Following the accident, all of the bus passengers, including Plaintiffs, were taken to the Dayton, Ohio bus terminal. Plaintiffs allege that when they arrived at the terminal, they were informed that no medical aid would be rendered or provided and that they could continue on the Greyhound bus to Miami or purchase a ticket and return to Detroit to see their respective doctors. Plaintiffs allege that the denial of medical aid was based entirely upon their age, sex, and race. Plaintiffs also allege that as a result of the denial of medical aid, they suffered aggravated physical injuries, extreme humiliation, embarrassment, and mental and emotional distress. Plaintiffs argue that they lost the value and benefit of the Defendant's public service, transportation and accommodation.

## III. STANDARD OR REVIEW

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773

F.2d 62 (6th Cir. 1985).  In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party.  *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).  But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact.  "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).  Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact."  *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

**IV.  ANALYSIS**

A hearing was held on Defendant's Motion for Summary Judgment on April 26, 2006 at 2:30 P.M.  Counsel for the Defendant was present, but neither Plaintiffs nor Plaintiffs' Counsel appeared.  Defense Counsel indicated at the hearing that he contacted Plaintiffs' Counsel in order to seek concurrence on Defendant's Motion pursuant to Local Rule 7.1.  Since neither Plaintiffs nor Plaintiffs' Counsel has responded to the instant Motion, this Court grants the Defendant's Motion for Summary Judgment and dismisses Plaintiffs' Complaint without prejudice.

## V. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment and/or to Dismiss **[Docket No. 11, filed February 8, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint **[Docket No. 1, filed July 13, 2005]** is DISMISSED without prejudice.


Dated: May 31, 2006                                        /S/ DENISE PAGE HOOD
Detroit, Michigan                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2006, by electronic and/or ordinary mail.

                                                           s/William F. Lewis
                                                           Case Manager